■ PALESTINE MONETARY AUTHORITY, Appellant, v DAVID STRACHMAN, as Administrator of the Estate of YARON UNGAR, Deceased, et al., Respondents. ESTATE OF YARON UNGAR, Deceased, et al., Respondents, v THE PALESTINIAN AUTHORITY, Defendant. [897 NYS2d 627]—

Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered April 1, 2009, awarding judgment creditors (the Ungars) the total sum of $9,719,355.62 pursuant to an order, same court and Justice, entered March 31, 2009, which, inter alia, granted the Ungars' motion to direct the Palestine

Monetary Authority (PMA) to turn over to them the sum of the PMA's net profits of $7,598,451 for the 2005 fiscal year, plus interest from February 8, 2006, unanimously reversed, on the law and the facts, without costs, the motion denied, the judgment vacated and the matter remanded for further proceedings. Appeals from the aforesaid order and from order, same court and Justice, entered September 17, 2009, which denied the PMA's motion to vacate the aforesaid judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment, and as academic, respectively.

The only issue before us regarding fraudulent conveyance in the prior appeal (*Palestine Monetary Auth. v Strachman*, 62 AD3d 213 [2009]) was whether the IAS court erred in denying the Ungars' motion for leave to amend their pleading to add a fraudulent conveyance claim (*see id.* at 221). Thus, we did not find that the Palestinian Authority's (PA) waiver of its right to the PMA's 2005 net profits actually constituted a fraudulent conveyance; rather, we found that the record lent sufficient support to the fraudulent conveyance claim (*see id.* at 225) that the Ungars should be permitted to add it.

The Ungars contend that they are entitled to turnover pursuant to CPLR 5227, independent of Debtor and Creditor Law § 273-a. However, the Ungars could obtain a turnover order only if the PMA were indebted to the PA (*see* CPLR 5227). We did not decide that issue on the prior appeal; on the contrary, we said that the IAS court should have ordered full discovery on "whether the PMA . . . owes any debts to the PA that could be subject to . . . turnover pursuant to CPLR article 52" (62 AD3d at 222) and that "the PMA has the burden of proof on . . . its assertion[ ] . . . that it owes no debts to the PA or the PLO" (*id.* at 231). Concur—Tom, J.P., Mazzarelli, Nardelli, Acosta and Renwick, JJ.